PENNINGTON LAWSON LLP
Lisa G. Lawson (Bar No. 169503)
*lisalawson@penningtonlawson.com*
Scott G. Lawson (Bar No. 174671)
*scottlawson@penningtonlawson.com*
44 Montgomery Street, Suite 2400
San Francisco, California 94104
Telephone:   (415) 484-4343
Facsimile:    (415) 480-6706

Attorneys for Defendant
The Heil Co.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL VILLASENOR, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE HEIL CO., a Delaware corporation, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 and 1332**<br><br>(Case No. VC066695, Superior Court of the State of California, County of Los Angeles)<br><br>Complaint Filed:　　November 7, 2017<br><br>**JURY TRIAL DEMANDED** |

PLEASE TAKE NOTICE that Defendant The Heil Co. hereby removes the above-captioned matter from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant sets forth the following in support of its Notice of Removal of Action:

1. On November 7, 2017, Plaintiff Michael Villasenor commenced an action in the Superior Court for the State of California, County of Los Angeles, entitled *Michael Villasenor. v. The Heil Co., et al.*, Case No. VC066695. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. The Complaint alleges the following causes of action: (1) Nonpayment of Overtime Wages; (2) Improper Wage Statements; (3) Failure to Pay Wages Upon Separation; and (4) Violation of the Fair Labor Standards Act. Ex. A.

3. Plaintiff effectuated service of the Complaint on December 11, 2017 through personal service on Defendant's authorized agent for service of process.

**Federal Question Jurisdiction**

4. The Removal is based, in part, on federal question jurisdiction. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because the action includes a claim arising under the laws of the United States.

5. Plaintiff alleges in his Complaint that Defendant violated the Fair Labor Standards Act. Specifically, he alleges that Defendant violated 29 U.S.C. § 207(a)(1) in that, during the relevant time period, Plaintiff "usually worked more than forty (40) hours per workweek without receiving a rate of pay not less than one and one-half his regular rate of pay for his time worked in excess of forty (40) hours…"

6. To the extent Plaintiff's Complaint pleads claims not subject to the Court's original jurisdiction, this Court has supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).

**Diversity Jurisdiction**

7.     The Removal is also based on diversity jurisdiction.  This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332.  This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Complete Diversity Exists**

8.     Defendant is informed and believes that, at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California.  Plaintiff alleges he resides in California.  Ex. A, ¶ 3.  Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity.  Schwarzer, et al., *Cal. Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:1251, *citing State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008).

9.     At the time of the filing of the Complaint and this Notice of Removal, Defendant is a corporation organized under the laws of the State of Delaware.  Ex. A, ¶ 4.  Defendant's principal place of business is located in Chattanooga, Tennessee.  Defendant was not at any time and is not currently a citizen of the State of California.

10.    Complete diversity exists between the parties.

**The Amount in Controversy Requirement is Satisfied**

11.    From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges that Defendant failed, in violation of state and federal laws, to: (1) pay certain wages; (2) provide proper wage statements; and (3) pay wages upon separation.  *See* Ex. A.  Plaintiff seeks $75,000 for unpaid wages, $75,000 in liquidated damages, and $8,000 in statutory penalties.  Ex A. at 9-10.

**The Other Requirements for Removal Are Met**

12.    This Notice of Removal is being filed within 30 days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

13. This Notice of Removal is being filed within one year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

14. Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

15. This action should be removed to the Western Division because plaintiff filed his action in Los Angeles County. (*See* 28 U.S.C. § 1446(a)).

16. A true and correct copy of all other process, pleadings, and orders served in this action at the time of this removal and known to Defendant are attached hereto:

    Summons and Complaint—Exhibit A

    Civil Case Cover Sheet—Exhibit B

    Notice of Case Management Conference—Exhibit C

    Defendant's Answer to Plaintiff's Complaint—Exhibit D

17. Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, the above exhibits constitute all the process, pleadings, and orders served in this action at the time of this removal.

18. Counsel for Defendant certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to the Clerk and counsel for Plaintiff.  A copy of that notice is attached as Exhibit E.

## **JURY TRIAL DEMANDED**

19. Defendant hereby requests a trial by jury of all claims so triable.

WHEREFORE, notice is given that this action is removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: January 9, 2018                            PENNINGTON LAWSON LLP

                                                    By:     */s/ Scott G. Lawson*
                                                        Scott G. Lawson
                                             Attorneys for Defendant The Heil Co.

- 3 -
NOTICE OF REMOVAL OF CIVIL ACTION

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Pennington Lawson LLP, 44 Montgomery Street, Suite 2400, San Francisco, California 94104.

On January 9, 2018, I served true copies of **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 and 1332** on the parties in this action as follows:

David J. Bobadilla, Esq.
Fred Ghamari, Esq.
Oracle Law Firm, APC
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626

☒ **BY FIRST CLASS MAIL:**
I deposited the sealed envelope with the United States Postal Service, with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**
I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY E-MAIL:**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I served the document(s) electronically by sending the document(s) to the e-mail address(es) listed above at __:__ _.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on January 9, 2018, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Shane B. Kolding

- 1 -
PROOF OF SERVICE